IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. FEOLA, JR., | : |
| Plaintiff, | : Civil Action No. 2:11-cv-01443 |
| v. | : |
| WAL-MART STORES, EAST LP, | : Chief Judge Gary L. Lancaster |
| Defendant. | : ELECTRONICALLY FILED |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Defendant Wal-Mart Stores, East LP ("Walmart" or "Defendant") and Plaintiff Joseph D. Feola, Jr. ("Feola" or "Plaintiff"), by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 and in compliance with the Court's standing order of January 27, 2005 relating to Confidentiality and Protective Orders in Civil Matters, and state as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   a) Any and all documents referring to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

   b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

      c)      Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

      d)      Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.      In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Confidential Information, produced prior to the entry of this Order may be so designated subsequent to the entry of this Order. The parties will use their best efforts to limit the number of documents designated Confidential.

4.      Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.      Qualified recipients shall include on the following:

      a)      In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

      b)      Deposition notaries and staff;

      c)      Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

      d)      Deponents during the course of their depositions or potential witnesses of this case; and

      e)      The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9. If any party intends to include Confidential Information in any papers filed with the Court, the party intending to disclose the Confidential Information will either seek leave of

Court to file said Confidential Information under seal pursuant to the Court's standing order of January 27, 2005, or consent from the other party or parties for waiver of this requirement.

10. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

12. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

13. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

Respectfully submitted,

| | |
|---|---|
| *s/ Susan N. Williams*, Esquire | *s/ Lisa Steele*, Esquire |
| Susan N. Williams, Esquire | Lisa Steele |
| PA Bar No. 40077 | PA Bar No. 78733 |
| WILLIAMS LAW OFFICES | LITTLER MENDELSON, P.C. |
| 101 North Main St. | 625 Liberty Avenue |
| Suite 106 | 26th Floor |
| Greensburg, PA 15650 | Pittsburgh, PA 15222 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| | |
| Dated: April 5, 2012 | Dated: April 5, 2012 |

IT IS SO ORDERED, this 5th, day of April 2012.

BY THE COURT:

_____
CHIEF JUDGE GARY L. LANCASTER